SUPREME COURT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA,<br><br>                      Appellee,<br><br>              v.<br><br>JAMES CORNELL HARROD,<br><br>                     Appellant. | Arizona Supreme Court<br>No. CR-98-0289-AP<br><br>Maricopa County Superior<br>Court<br>No. CR-95-09046<br><br><br><br>**SUPPLEMENTAL**<br>**O P I N I O N** |

Appeal from the Superior Court of Maricopa County
No. CR-95-09046
Honorable Ronald S. Reinstein, Judge

**REMANDED FOR RESENTENCING**

_____

Janet Napolitano, Attorney General                          Phoenix
   by     Kent E. Cattani, Chief Counsel,
         Capital Litigation Section
   and    Robert L. Ellman, Assistant Attorney General
   and    James P. Beene, Assistant Attorney General
   and    John P. Todd, Assistant Attorney General
   and    Bruce M. Ferg, Assistant Attorney General   Tucson
Attorneys for State of Arizona

James J. Haas, Maricopa County Public Defender          Phoenix
   by     Christopher V. Johns, Deputy Public Defender
   and    James H. Kemper, Deputy Public Defender
Attorneys for James Cornell Harrod
_____

McGregor, Vice Chief Justice

¶1       A jury convicted James Cornell Harrod of premeditated murder and felony murder. The trial court sentenced him to death. Appeal to this court is automatic under Rules 26.15 and 31.2.b of the Arizona Rules of Criminal Procedure, and direct under Arizona Revised Statutes (A.R.S.) section 13-4031 (2001).

¶2       This court issued an opinion affirming Harrod's conviction

and death sentence. *State v. Harrod*, 200 Ariz. 309, 26 P.3d 492 (2001). The United States Supreme Court vacated the judgment and remanded for further consideration in light of *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002) (*Ring II*). *Harrod v. Arizona*, __ U.S. __, 122 S. Ct. 2653 (2002) (mem.). The *Ring II* decision does not affect our original opinion with respect to factual, procedural, and guilt issues, so we need not reconsider those portions of our original opinion. In this supplemental opinion, we reconsider Harrod's sentence in light of *Ring II*.

## I.

¶3        In *Ring II*, the United States Supreme Court held that Arizona's former capital sentencing scheme[1] violates the right to a jury trial guaranteed by the Sixth Amendment to the United States Constitution. *Ring II*, 536 U.S. at __, 122 S. Ct. at 2443. The Court declared that "[c]apital defendants, no less than non-capital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Id*. at __, 122 S. Ct. at 2432. The Court reversed our decision in *State v. Ring*, 200 Ariz. 267, 25 P.3d 1139 (2001) (*Ring I*), and remanded for further proceedings consistent with its decision. *Ring II*, 536 U.S. at __, 122 S. Ct. at 2443.

¶4        Following the Supreme Court's *Ring II* decision, we consolidated all death penalty cases in which this court had not yet

---

[1]        The legislature has since amended A.R.S. § 13-703. See 2002 Ariz. Sess. Laws, 5th Spec. Sess., ch. 1, § 1.

issued a direct appeal mandate to determine whether *Ring II* requires this court to reverse or vacate the defendants' death sentences. In *State v. Ring*, __ Ariz. __, __ ¶ 53, __ P.3d __, __ (2003) (*Ring III),* we held that we will examine a death sentence imposed under Arizona's superseded capital sentencing statutes for harmless error.

## II.

¶5    The jury unanimously found Harrod guilty of both premeditated murder and felony murder for killing Jeanne Tovrea.  The trial court found that the State had proven beyond a reasonable doubt the statutory aggravating circumstance in A.R.S. section 13-703.F.5:  that Harrod committed the murder as consideration for the receipt of pecuniary gain.

¶6    Harrod failed to prove by a preponderance of the evidence any of the statutory mitigating factors.  However, Harrod proved by a preponderance of the evidence the following non-statutory mitigating factors:  lack of criminal record, adjustment to incarceration, and family issues.  The trial court considered the mitigating factors individually and cumulatively and found that they were insufficiently substantial to call for leniency.

¶7    To establish the pecuniary gain aggravating circumstance the state must prove beyond a reasonable doubt that receiving something of value was "a motive, cause or impetus [for the murder] and not merely the result."  *State v. Spencer,* 176 Ariz. 36, 43, 859 P.2d 146, 153 (1993).

¶8    The trial court based its finding of pecuniary gain on the

3

facts that: 1) Anne Costello testified that Harrod told her that Hap Tovrea, Jeanne's stepson, wanted Jeanne dead so that he and his siblings could access their inheritance; 2) Anne Costello testified that Harrod told her he would receive $100,000 for the murder and had complained to her that he had not yet received the total amount; and 3) the State introduced evidence of wire transfers and checks from Hap to Harrod totaling approximately $35,000.

¶9        Harrod countered Anne's testimony, in part, by suggesting that Anne lied because she was biased against Harrod. On cross examination, Anne admitted that she did not tell the police about Harrod's possible involvement in the murder until after she divorced Harrod. Harrod testified that Hap paid him for consulting services. Additionally, Harrod presented a witness who corroborated that Harrod and Hap were involved in a business venture together.

¶10       We cannot conclude, beyond a reasonable doubt, that a reasonable jury hearing the same evidence as did the judge would have assessed the witnesses' credibility and testimony similarly or would have given the same weight to the mitigating factors.

## III.

¶11       For the foregoing reasons, we cannot conclude that the *Ring II* error was harmless in this case. Accordingly, we vacate Harrod's death sentence and remand for resentencing under A.R.S. sections 13-703 and 13-703.01 (Supp. 2002).

4

_____
                                        Ruth V. McGregor, Vice Chief Justice

CONCURRING:


_____
Rebecca White Berch


_____
Michael D. Ryan


Jones, Chief Justice, specially concurring

**¶12**      I concur in the result. On the question whether harmless error analysis is appropriate in the case before us, see *State v. Ring*, __ Ariz. at __ ¶¶ 105-15, __ P.3d at __ (2003) (Feldman, J., concurring in part and dissenting in part).


                              _____
                              Charles E. Jones, Chief Justice